# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE LYNN HAWN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. CV 19-5540 MWF (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE**<br><br>**FRCP 41** |

　　　The Court dismisses this action pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute.

　　　　　　　　　　　　　　* * *

　　　1.　　This is a habeas action involving a state criminal judgment case. A state jury convicted Petitioner of battery and resisting arrest following an altercation at Hearst Castle. Petitioner filed a habeas petition in this Court under 28 U.S.C. § 2254 challenging that conviction.

　　　2.　　Magistrate Judge Wilner screened the petition pursuant to local practice and Habeas Rule 4. Judge Wilner preliminarily concluded

1 | that the habeas petition contained unexhausted claims and did not clearly
2 | present cognizable claims for federal habeas relief. (Docket # 3.)
3 | Judge Wilner ordered Petitioner to respond with information regarding
4 | how she intended to proceed with her unexhausted claims. The order also
5 | required Petitioner to submit a supplemental statement explaining the
6 | nature of the federal constitutional claims in her petition.

3. Judge Wilner expressly advised Petitioner that failure to respond to the order would result in a recommendation under Rule 41 that the matter be dismissed for failure to prosecute or obey court orders. The order cited the Ninth Circuit's recent opinion (Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019)) regarding dismissal of civil actions.

4. Petitioner did not respond to the screening order. Judge Wilner then issued an order to show cause why the action should not be dismissed for failure to respond to the original screening order. (Docket # 5.) Petitioner did not respond to the OSC by the deadline that Judge Wilner set. Notably, Petitioner has not filed any documents with the Court since initiating the case.

* * *

5. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

6. Rule 41(b) applies when a court "mandate[s]" a specific action and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, 913 F.3d at 892.

7.      Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

8.      In the present action, dismissal is appropriate. Plaintiff has not participated in the action since its commencement. She has not responded to Judge Wilner's screening order or the order to show cause. The Court, the defense, and the public therefore have a legitimate interest in terminating this action. Omstead, 594 F. 3d at 1084.

9.      Furthermore, because Plaintiff is a pro se litigant who has not responded to the Court's orders, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court concludes that dismissal is appropriate under Rule 41(b). Applied Underwriters, 913 F.3d at 892.

Therefore, the present action is hereby DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: October 28, 2019

HON. MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE